UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK A. MORAD                      CIVIL ACTION

VERSUS                               NO. 12-2188

LINO J. AVIZ, ET AL                 SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss counterclaim for declaratory judgment filed by the plaintiff, Mark A. Morad ("Morad"). Rec. Doc. 27. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiff filed suit against Lino J. Aviz and Aviz Home Improvement & General Contractor, Inc. (collectively "Aviz") parties involved in the demolition and reconstruction of the plaintiff's restaurant in New Orleans, along with their alleged commercial liability insurer, Nationwide Mutual Insurance Company ("Nationwide"). Rec. Doc. 1. In its answer, Nationwide repeatedly raised the defense that it is not liable and/or owes Aviz no duty to defend or indemnity under the policy, and that the policy affords no coverage for the claims made by Morad. Rec. Doc. 18. Nationwide also filed its own counterclaim against Morad and crossclaim against Aviz seeking a declaration

under Fed. R.Civ. P. 57 that Nationwide[1] does not owe Aviz a duty to defend against the claims of Morad as well as that there is do duty to indemnify and no coverage for those claims under Nationwide's policy.  *Id.* at 21-27.   Morad seeks dismissal of the counterclaim in this motion.

Morad's motion is based on a number of arguments, including that the counterclaim lacks a case or controversy[2] and states no cause of action, and should otherwise be dismissed because Morad's allegations do trigger coverage under the Nationwide policy.  Rec. Doc. 27.  Nationwide opposes the motion with the arguments that the counterclaim does address the duty to defend as well as the duty to indemnify, the counterclaim states a legally sufficient claim upon which relief can be granted, Morad's motion is not an appropriate motion under Fed. R. Civ. P. 12(b)(6) because it goes to ultimate facts and that, in any event, Morad's claims are not covered by Nationwide's policy.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6). As the Supreme Court

---

[1] The actual claim for declaratory judgment references "State National's Policy," which is construed as "Nationwide's Policy" for present purposes.  Rec. Doc. 18 at 27.

[2] The Court notes that the counterclaim does allege that "[a]n actual controversy exists as between the parties." Rec. Doc. 18 at 22.

held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned accusations of harm. *Id*. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Id*. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Twombly*, 550 U.S. 544. Although for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The Court is at a loss to understand the plaintiff's motion. It relies heavily on *National Union Fire Insurance Co. of Pittsburgh, PA v. St. Bernard Parish Gov't*, 2004 WL 877379 (E.D.La), in which the undersigned dismissed a declaratory judgment action

3

because of the pendency of parallel pending state proceedings.  In *National Casualty Co. v. Tom's Welding, Inc.*, 2012 WL 2064451 at *6 (E.D.La.), Judge Africk dismissed the insurer's stand-alone declaratory action suit where no state suit as to the underlying liability had yet been filed, noting that if the insureds "eventually file a state court action, [insurer] will be free to raise any coverage issues in that action."  This is a motion to dismiss in a case in which the plaintiff has sued Nationwide, presumably under the Louisiana Direct Action Statute, La.Rev.Stat. §22:1269, and presumably based on the fault of the policyholder, since there is no suggestion that Morad was an additional insured under the policy.  Under the circumstances, the issue of coverage will necessarily be addressed in conjunction with liability, whether as a defense or as a declaratory action, and before any judgment against Nationwide can be entered.  This appears to the Court to be a classic use of claim for declaratory relief.  Under the circumstances, the Court finds that there is a case or controversy and that Nationwide has sufficiently stated a claim.  In other respects, the remainder of the motion to dismiss is unrelated to the sufficiency of the allegations, and the Court does not address those arguments, including the choice of law argument and whether the plaintiff's complaint triggers a duty to defend to the Aviz defendants, who, notably, are not party to this motion.

Accordingly,

IT IS ORDERED that the motion to dismiss counterclaim for declaratory judgment filed by the plaintiff, Mark A. Morad is DENIED.  Rec. Doc. 27.

New Orleans, Louisiana, this 6th day of March, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT